UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERROD HUBBARD And
KAMRON PATTERSON,

     Plaintiff,

v.

Case No. 8:26-cv-01486

AMERICAN VETERAN PAINTING
LLC d/b/a PAINT CORPS OF TAMPA,
and BURGESS PERRY,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JERROD HUBBARD and KAMRON PATTERSON, by and through their undersigned counsel, sue Defendants, AMERICAN VETERAN PAINTING LLC d/b/a PAINT CORPS OF TAMPA ("Paint Corps") and BURGESS PERRY, and allege:

### NATURE OF THE ACTION

1. This is an action for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and for breach of contract.

2. Defendants misclassified Plaintiffs as "independent contractors" (1099s) to avoid paying overtime premiums.

3. Defendants exercised significant behavioral and financial control over Plaintiffs' daily work, including mandatory office attendance and uniform requirements.

CALCIANO PIERRO

4.    Furthermore, Defendants willfully breached the parties' compensation agreements by withholding earned commissions and attempting to retroactively apply new, unfavorable terms to past labor.

## PARTIES, JURISDICTION, AND VENUE

5.    This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.    This Court has supplemental jurisdiction over the state law breach of contract claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper in the Middle District of Florida as the events giving rise to these claims occurred in Hillsborough and Pinellas Counties.

8.    Defendant Paint Corps is a Florida limited liability company doing business in Hillsborough County.

9.    Defendant Burgess Perry is the CEO and owner of Paint Corps. He exercised operational control over Plaintiffs, including setting their schedules, providing equipment, and making decisions regarding their compensation.

## FLSA ENTERPRISE COVERAGE

10.    At all times relevant, Defendant Paint Corps was an "enterprise engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

11.    Defendant Paint Corps had an annual gross volume of sales made or business done of not less than $500,000.

12.    During their tenure, Plaintiffs Hubbard and Patterson alone generated over $1.3 million in revenue for the Defendants.

13. Specifically, Defendants' contracts required Hubbard to generate $1.2M+ and Patterson to generate $1.5M+ in annual sales.

14. Defendant Paint Corps had employees (including Plaintiffs) who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

15. These materials include, but are not limited to:

- **Painting Supplies:** Paint, primers, and specialized coatings manufactured by national brands outside the State of Florida and transported across state lines to Defendants' job sites.

- **Technological Infrastructure:** Computer hardware and software systems—including **Housecall Pro**, **Gusto**, and various CRM tools—which are headquartered outside of Florida and utilized over the channels of interstate commerce to book appointments, process invoices, and issue direct deposits.

- **Financial Instruments:** National credit cards and fuel cards used by Plaintiffs to purchase materials and fuel that originated in interstate commerce.

- **Uniforms:** Required company uniforms consisting of branded polos manufactured outside of Florida and shipped across state lines to Defendants.

16. Defendant Paint Corps hired Jerrod Hubbard in February 2025 and Kamron Patterson in March 2025 as "Project Consultants".

17.    Despite their 1099 classification, Defendants exerted high degrees of control:

- Plaintiffs were required to report to the office for mandatory meetings starting at 7:30 AM.

- Plaintiffs were required to wear company uniforms consisting of branded polos tucked in with a belt.

- Approximately 90% of Plaintiffs' leads were provided by the company and automatically booked onto their calendars.

- Plaintiffs were required to attend networking meetings (BNI) and maintain memberships in B2B associations on behalf of the company.

18.    Plaintiffs averaged 50 hours of work per week.

19.    Defendants did not track Plaintiffs' hours and failed to pay any overtime premium for hours worked in excess of 40 per week.

20.    Plaintiffs were paid a weekly "draw" of $1,250 against future commissions.

21.    In November 2025, Defendant Perry presented a new contract that retroactively modified commission rules, dropping the draw and changing the vesting criteria from "scheduled" to "closed."

22.    Defendants withheld approximately $4,000 in earned commissions from each Plaintiff's final pay and refused to pay an additional $6,000+ each for jobs sold and scheduled prior to their departure.

4

**COUNT I: FLSA UNPAID OVERTIME - AGAINST ALL DEFENDANTS)**

23.    Plaintiffs re-allege paragraphs 1 through 22.

24.    Defendants willfully misclassified Plaintiffs as independent contractors to avoid FLSA compliance.

25.    Defendant Burgess Perry is an "employer" under the FLSA because he acted in the interest of the company in relation to the Plaintiffs.

26.    Plaintiffs are entitled to an overtime premium for all hours worked over 40 per week, calculated using the "half-time" method based on their regular rate including draws and commissions.

27.    Due to the willful nature of the violation, Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs Jerrod Hubbard and Kamron Patterson respectfully request that this Court enter judgment against Defendants, jointly and severally, for unpaid overtime compensation, an equal amount in liquidated damages, and an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II: BREACH OF CONTRACT - (AGAINST PAINT CORPS)**

28.    Plaintiffs re-allege paragraphs 1 through 22.

29.    Valid contracts existed between Plaintiffs and Paint Corps regarding commission structures.

30.    Paint Corps breached these contracts by withholding commissions and attempting to retroactively apply unsigned modifications to already-earned wages.

31.    As a result, Plaintiffs have suffered damages exceeding $10,000 each.

WHEREFORE, Plaintiffs Jerrod Hubbard and Kamron Patterson respectfully request that this Court enter judgment against Defendant American Veteran Painting LLC d/b/a Paint Corps of Tampa for all unpaid commissions and compensatory damages for breach of contract, plus an award of reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 18th day of May 2026.

Respectfully submitted,

*s/ R. Michael Pierro, Jr.*

R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
BRIAN CALCIANO
Florida Bar No. 108879
*Trial Counsel for Plaintiffs*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com
brian@flemploymentlaw.com